**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **CELL AND NETWORK SELECTION LLC,** | § | |
| *Plaintiff,* | § | **Civil Action No. 6:13-CV-00563-LED-KNM** |
| | § | |
| | § | |
| | § | |
| | § | **JURY TRIAL DEMANDED** |
| **v.** | § | |
| | § | |
| **BLACKBERRY CORP., DELL, INC., NOKIA CORP., NOKIA INC., SPRINT SPECTRUM L.P., INC., T-MOBILE USA, INC. and CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS** | § § § § § § | |
| *Defendants.* | § | |

<u>**DEFENDANT CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS'S ANSWER
AND COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT**</u>

Defendant Cellco Partnership d/b/a Verizon Wireless ("Verizon Wireless"), by and

through its counsel, hereby submits its Answer and Counterclaims to the First Amended

Complaint ("Amended Complaint"), filed on October 1, 2013 (Dkt. No. 30), by Plaintiff Cell and

Network Selection LLC ("Plaintiff"), denying plaintiff's allegations except that which is

expressly admitted herein.[1]

<u>**ANSWER**</u>

---

[1] The Amended Complaint names "Verizon Wireless Telecom, Inc." as a defendant.  The parties have filed a joint motion for the substitution of Cellco Partnership d/b/a Verizon Wireless for Verizon Wireless Telecom, Inc. (Dkt. No. 37), and the Court granted such motion (Dkt. No. 41). Accordingly, Verizon Wireless hereby answers the Amended Complaint pursuant to such substitution.  Verizon Wireless has answered this complaint assuming a substitution in each paragraph accordingly.  To the extent there were no substitution, or there were ever any alleged issue concerning Verizon Wireless Telecom, Inc.'s position on this complaint, Verizon Telecom, Inc. denies all of plaintiff's allegations, is not a proper party, and should be dismissed for lack of personal jurisdiction.

## I.      <u>NATURE OF THE ACTION</u>

1.      Verizon Wireless admits that the Amended Complaint purports to state a cause of action for patent infringement.   Except as expressly admitted, Verizon Wireless denies the allegations in Paragraph 1 of the Amended Complaint.

2.      United States Patent No. 6,195,551 (the "'551 patent") speaks for itself.  Verizon Wireless admits that Exhibit 1 to the Amended Complaint appears to be a copy of the '551 patent.  Verizon Wireless admits that the '551 patent states that it is entitled "IDLE HANDOFF CONTROLLING METHOD IN CELLULAR COMMUNICATION SYSTEM" and further states that it was issued by the United States Patent and Trademark Office on February 27, 2001. Except as expressly admitted herein, Verizon Wireless denies the allegations of Paragraph 2 of the Amended Complaint.

3.      Verizon Wireless admits that the Amended Complaint purports to seek injunctive relief, monetary damages and prejudgment interest, but expressly denies that Plaintiff is entitled to any such relief from Verizon Wireless. Verizon Wireless lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the Amended Complaint directed to the other defendants, and on that basis denies them.  Except as expressly admitted herein, Verizon Wireless denies the allegations of Paragraph 3 of the Amended Complaint.

## II.     THE PARTIES

4.      Verizon Wireless lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of the Amended Complaint, and on that basis denies them.

5.      Verizon Wireless lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Amended Complaint, and on that basis denies them.

6.      Verizon Wireless lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Amended Complaint, and on that basis denies them.

7.      Verizon Wireless lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Amended Complaint, and on that basis denies them.

8.      Verizon Wireless lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Amended Complaint, and on that basis denies them.

9.      Verizon Wireless lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Amended Complaint, and on that basis denies them.

10.      Verizon Wireless lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Amended Complaint, and on that basis denies them.

11.     Verizon Wireless admits that Verizon Wireless is a general partnership organized and existing under the laws of the State of Delaware and that it has a principal place of business in Basking Ridge, New Jersey.  Verizon Wireless admits that its registered agent for service in Texas is CT Corporation System, 350 N. St. Paul St., Ste. 2900, Dallas, Texas, 78201-4234. Verizon Wireless admits that it does business in Texas and within this District.  Except as expressly admitted herein, Verizon Wireless denies the allegations of Paragraph 11 of the Amended Complaint.

### III.     JURISDICTION AND VENUE

12.     Verizon Wireless admits that the Amended Complaint purports to state a cause of action under 35 U.S.C. §§ 271, *et seq*.  Verizon Wireless admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).  Verizon Wireless specifically denies that it has committed or is committing acts of infringement.  Verizon Wireless specifically denies that Plaintiff is entitled to any relief pursuant to the Amended Complaint.  Except as expressly admitted, Verizon Wireless denies the allegations of Paragraph 12 of the Amended Complaint.

13.     Verizon Wireless admits, for purposes of this action only, that this Court has personal jurisdiction over it.  Verizon Wireless admits that the minimum requisites for venue under 35 § U.S.C. 1391 exist in this District but venue is more properly established in a district that would better serve the convenience of the parties and the interests of justice.  Verizon Wireless maintains its right to seek a transfer of venue on *forum non conveniens* grounds or pursuant to 28 § U.S.C. 1404.  Verizon Wireless lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the Amended Complaint directed to the other defendants, and on that basis denies them.  Except as expressly admitted herein, Verizon Wireless denies the allegations of Paragraph 13 of the Amended Complaint.

## IV.    PLAINTIFF'S '551 PATENT

14.    The '551 patent speaks for itself, but Verizon Wireless denies the allegations of Paragraph 14 of the Amended Complaint to the extent that they describe the patent in such a way as to claim alleged infringement by Verizon Wireless.  Except as expressly admitted herein, Verizon Wireless denies the allegations of Paragraph 14 of the Amended Complaint.

15.    Verizon Wireless lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Amended Complaint, and on that basis denies them.

## V.    DEFENDANTS' ALLEGED ACTS

### Blackberry

16.    No answer is required to the allegations in Paragraph 16 of the Amended Complaint as they are entirely directed to another defendant.  To the extent that an answer is required, Verizon Wireless is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16, and therefore denies them.

17.    No answer is required to the allegations in Paragraph 17 of the Amended Complaint as they are entirely directed to another defendant.  To the extent that an answer is required, Verizon Wireless is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, and therefore denies them.

18.    No answer is required to the allegations in Paragraph 18 of the Amended Complaint as they are entirely directed to another defendant.  To the extent that an answer is required, Verizon Wireless is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18, and therefore denies them.

19.     No answer is required to the allegations in Paragraph 19 of the Amended Complaint as they are entirely directed to another defendant.  To the extent that an answer is required, Verizon Wireless is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19, and therefore denies them.

20.     No answer is required to the allegations in Paragraph 20 of the Amended Complaint as they are entirely directed to another defendant.  To the extent that an answer is required, Verizon Wireless is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20, and therefore denies them.

21.     No answer is required to the allegations in Paragraph 21 of the Amended Complaint as they are entirely directed to another defendant.  To the extent that an answer is required, Verizon Wireless is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21, and therefore denies them.

22.     No answer is required to the allegations in Paragraph 22 of the Amended Complaint as they are entirely directed to another defendant.  To the extent that an answer is required, Verizon Wireless is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22, and therefore denies them.

23.     No answer is required to the allegations in Paragraph 23 of the Amended Complaint as they are entirely directed to another defendant.  To the extent that an answer is required, Verizon Wireless is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23, and therefore denies them.

**Dell**

24.     No answer is required to the allegations in Paragraph 24 of the Amended Complaint as they are entirely directed to another defendant.  To the extent that an answer is

required, Verizon Wireless is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24, and therefore denies them.

25.     No answer is required to the allegations in Paragraph 25 of the Amended Complaint as they are entirely directed to another defendant.  To the extent that an answer is required, Verizon Wireless is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25, and therefore denies them.

26.     No answer is required to the allegations in Paragraph 26 of the Amended Complaint as they are entirely directed to another defendant.  To the extent that an answer is required, Verizon Wireless is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26, and therefore denies them.

27.     No answer is required to the allegations in Paragraph 27 of the Amended Complaint as they are entirely directed to another defendant.  To the extent that an answer is required, Verizon Wireless is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27, and therefore denies them.

28.     No answer is required to the allegations in Paragraph 28 of the Amended Complaint as they are entirely directed to another defendant.  To the extent that an answer is required, Verizon Wireless is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28, and therefore denies them.

29.     No answer is required to the allegations in Paragraph 29 of the Amended Complaint as they are entirely directed to another defendant.  To the extent that an answer is required, Verizon Wireless is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29, and therefore denies them.

30.     No answer is required to the allegations in Paragraph 30 of the Amended Complaint as they are entirely directed to another defendant.  To the extent that an answer is required, Verizon Wireless is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30, and therefore denies them.

31.     No answer is required to the allegations in Paragraph 31 of the Amended Complaint as they are entirely directed to another defendant.  To the extent that an answer is required, Verizon Wireless is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31, and therefore denies them.

**Nokia**

32.     No answer is required to the allegations in Paragraph 32 of the Amended Complaint as they are entirely directed to another defendant.  To the extent that an answer is required, Verizon Wireless is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32, and therefore denies them.

33.     No answer is required to the allegations in Paragraph 33 of the Amended Complaint as they are entirely directed to another defendant.  To the extent that an answer is required, Verizon Wireless is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33, and therefore denies them.

34.     No answer is required to the allegations in Paragraph 34 of the Amended Complaint as they are entirely directed to another defendant.  To the extent that an answer is required, Verizon Wireless is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34, and therefore denies them.

35.     No answer is required to the allegations in Paragraph 35 of the Amended Complaint as they are entirely directed to another defendant.  To the extent that an answer is

required, Verizon Wireless is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35, and therefore denies them.

36.     No answer is required to the allegations in Paragraph 36 of the Amended Complaint as they are entirely directed to another defendant.  To the extent that an answer is required, Verizon Wireless is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36, and therefore denies them.

37.     No answer is required to the allegations in Paragraph 37 of the Amended Complaint as they are entirely directed to another defendant.  To the extent that an answer is required, Verizon Wireless is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37, and therefore denies them.

38.     No answer is required to the allegations in Paragraph 38 of the Amended Complaint as they are entirely directed to another defendant.  To the extent that an answer is required, Verizon Wireless is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38, and therefore denies them.

39.     No answer is required to the allegations in Paragraph 39 of the Amended Complaint as they are entirely directed to another defendant.  To the extent that an answer is required, Verizon Wireless is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39, and therefore denies them.

**<u>Sprint</u>**

40.     No answer is required to the allegations in Paragraph 40 of the Amended Complaint as they are entirely directed to another defendant.  To the extent that an answer is required, Verizon Wireless is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40, and therefore denies them.

41.     No answer is required to the allegations in Paragraph 41 of the Amended Complaint as they are entirely directed to another defendant.  To the extent that an answer is required, Verizon Wireless is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41, and therefore denies them.

42.     No answer is required to the allegations in Paragraph 42 of the Amended Complaint as they are entirely directed to another defendant.  To the extent that an answer is required, Verizon Wireless is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42, and therefore denies them.

43.     No answer is required to the allegations in Paragraph 43 of the Amended Complaint as they are entirely directed to another defendant.  To the extent that an answer is required, Verizon Wireless is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43, and therefore denies them.

44.     No answer is required to the allegations in Paragraph 44 of the Amended Complaint as they are entirely directed to another defendant.  To the extent that an answer is required, Verizon Wireless is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44, and therefore denies them.

45.     No answer is required to the allegations in Paragraph 45 of the Amended Complaint as they are entirely directed to another defendant.  To the extent that an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45, and therefore denies them.

46.     No answer is required to the allegations in Paragraph 46 of the Amended Complaint as they are entirely directed to another defendant.  To the extent that an answer is

required, Verizon Wireless is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46, and therefore denies them.

47.     No answer is required to the allegations in Paragraph 47 of the Amended Complaint as they are entirely directed to another defendant.  To the extent that an answer is required, Verizon Wireless is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47, and therefore denies them.

48.     No answer is required to the allegations in Paragraph 48 of the Amended Complaint as they are entirely directed to another defendant.  To the extent that an answer is required, Verizon Wireless is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48, and therefore denies them.

**T-Mobile**

49.      No answer is required to the allegations in Paragraph 49 of the Amended Complaint as they are entirely directed to another defendant.  To the extent that an answer is required, Verizon Wireless is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49, and therefore denies them.

50.     No answer is required to the allegations in Paragraph 50 of the Amended Complaint as they are entirely directed to another defendant.  To the extent that an answer is required, Verizon Wireless is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50, and therefore denies them.

51.     No answer is required to the allegations in Paragraph 51 of the Amended Complaint as they are entirely directed to another defendant.  To the extent that an answer is required, Verizon Wireless is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51, and therefore denies them.

52. No answer is required to the allegations in Paragraph 52 of the Amended Complaint as they are entirely directed to another defendant. To the extent that an answer is required, Verizon Wireless is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52, and therefore denies them.

53. No answer is required to the allegations in Paragraph 53 of the Amended Complaint as they are entirely directed to another defendant. To the extent that an answer is required, Verizon Wireless is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53, and therefore denies them.

54. No answer is required to the allegations in Paragraph 54 of the Amended Complaint as they are entirely directed to another defendant. To the extent that an answer is required, Verizon Wireless is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54, and therefore denies them.

55. No answer is required to the allegations in Paragraph 55 of the Amended Complaint as they are entirely directed to another defendant. To the extent that an answer is required, Verizon Wireless is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55, and therefore denies them.

56. No answer is required to the allegations in Paragraph 56 of the Amended Complaint as they are entirely directed to another defendant. To the extent that an answer is required, Verizon Wireless is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56, and therefore denies them.

**Verizon**

57. Verizon Wireless denies the allegations of Paragraph 57 of the Amended Complaint.

58.     Verizon Wireless admits that it markets various electronics products and that some of these products follow portions of the LTE protocol.   Except as expressly admitted herein, Verizon Wireless denies the allegations of Paragraph 58 of the Amended Complaint.

59.      Verizon Wireless admits that it markets various electronics products and that some of these products follow portions of the LTE protocol.   Except as expressly admitted herein, Verizon Wireless denies the allegations of Paragraph 59 of the Amended Complaint.

60.     Verizon Wireless admits that it markets various electronic products, that some of those products follow portions of the LTE protocol, and that it tests such products.   Except as expressly admitted herein, Verizon Wireless denies the allegations of Paragraph 60 of the Amended Complaint.

61.     Verizon Wireless admits that it markets various electronic products, and that some of those products follow portions of the LTE protocol.   Except as expressly admitted herein, Verizon Wireless denies the allegations of Paragraph 61 of the Amended Complaint.

62.     Verizon Wireless admits that it markets various electronics products and provides certain materials and support regarding these products, and that some of these products follow portions of the LTE protocol.   Except as expressly admitted herein, Verizon Wireless denies the allegations of Paragraph 62 of the Amended Complaint.

63.     Verizon Wireless admits that U.S. Patent No. 6,360,098 cites to the '551 patent. Except as expressly admitted herein, Verizon Wireless denies the allegations in Paragraph 63 of the Amended Complaint.

64.     Verizon Wireless denies the allegations in Paragraph 64 of the Amended Complaint.

65.     Verizon Wireless denies the allegations in Paragraph 65 of the Amended Complaint.

## VI.     **ALLEGED WILLFULNESS**

66.     Verizon Wireless denies that it has knowingly or with reckless disregard willfully infringed the '551 patent.  Verizon Wireless lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the Amended Complaint directed to Sprint, and on that basis denies them.  Except as expressly admitted herein, Verizon Wireless denies the allegations of Paragraph 66 of the Amended Complaint.

67.     Verizon Wireless admits that Plaintiff purports to seek enhanced damages pursuant to 35 U.S.C. § 284.  Verizon Wireless lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the Amended Complaint directed to Sprint, and on that basis denies them.  Except as expressly admitted herein, Verizon Wireless denies the allegations of Paragraph 67 of the Amended Complaint.

### **COUNT ONE**

### **ALLEGED PATENT INFRINGEMENT—U.S. PATENT NO. 6,195,551**

68.     Verizon Wireless incorporates herein by reference its response to Paragraphs 1-67 of the Amended Complaint as if fully set forth herein.

69.     Verizon Wireless lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the Amended Complaint directed to other defendants, and on that basis denies them.  Verizon Wireless admits that it markets various electronic products, and that some of those products follow portions of the LTE protocol.  Except as expressly admitted herein, Verizon Wireless denies the allegations of Paragraph 69 of the Amended Complaint.

70.     Verizon Wireless lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the Amended Complaint directed to other defendants, and on that basis denies them.  Except as expressly admitted herein, Verizon Wireless denies the allegations of Paragraph 70 of the Amended Complaint.

71.     Verizon Wireless lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the Amended Complaint directed to other defendants, and on that basis denies them.  Except as expressly admitted herein, Verizon Wireless denies the allegations of Paragraph 71 of the Amended Complaint.

72.     Verizon Wireless lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the Amended Complaint directed to other defendants, and on that basis denies them.  Except as expressly admitted herein, Verizon Wireless denies the allegations of Paragraph 72 of the Amended Complaint.

## VII.    JURY DEMAND

73.     This Paragraph requires no response, as it contains no allegations and merely states a request for a jury trial.  To the extent it contains any allegations directed to Verizon Wireless, they are denied.

## VIII.    REQUEST FOR RELIEF

Verizon Wireless denies that Plaintiff is entitled to any relief, including but not limited to the relief set forth under this heading or anywhere else in the Amended Complaint.

## IX.    AFFIRMATIVE AND OTHER DEFENSES

Verizon Wireless alleges and asserts the following defenses in response to the allegations of the Amended Complaint, undertaking the burden of proof only as required by law.  Verizon

Wireless reserves the right to amend its Answer, or add additional defenses, as additional information becomes available and/or is discovered.

## FIRST DEFENSE

### (Failure to State a Claim)

74.     The Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

### (Invalidity)

75.     The claims of the '551 patent are invalid under 35 U.S.C. §§ 101 *et seq.*, including, but not limited to, §§ 101, 102, 103, and 112, and/or obviousness-type double patenting.

## THIRD DEFENSE

### (Non-Infringement)

76.     Verizon Wireless does not infringe, has not infringed, and does not and has not induced infringement or contributed to infringement of any claim of the '551 patent under any theory of infringement, including direct infringement, indirect infringement, literal infringement, or infringement under the doctrine of equivalents.

## FOURTH DEFENSE

### (Estoppel, Laches, and Waiver)

77.     Some or all of Plaintiff's claims are barred by the doctrines of waiver, estoppels, laches, acquiescence, and/or estoppel.

## FIFTH DEFENSE

### (No Entitlement to Injunctive Relief)

78.     Plaintiff is not entitled to injunctive relief as, at a minimum, it has no irreparable injury and it has an adequate remedy at law for Verizon Wireless' alleged infringement.

## SIXTH DEFENSE

### (Limitation on Damages Based on FRAND Obligation)

79.     Upon information and belief, Plaintiff's ability to recover damages is limited based on its obligation to license on fair, reasonable, and non-discriminatory terms (FRAND).

## SEVENTH DEFENSE

### (Inequitable Conduct During Prosecution of the '551 Patent)

80.     On information and belief, the '551 patent is unenforceable due to inequitable conduct committed by individuals affiliated with Shinsegi Telecomm, Inc. ("Shinsegi Telecomm") and inventors Kyu-Nam Kim ("Kyu-Nam") and Dong-Woo Kim ("Dong-Woo") in prosecuting the '551 patent Application.

81.     Individuals associated with the filing and prosecution of the '551 patent application, in particular, listed inventors Kyu-Nam and Dong-Woo Kim and individuals affiliated with the assignee Shinsegi Telecomm committed inequitable conduct by breaching their duty to disclose information material to patentability of the '551 patent application.

## Prior Art Reference IS-95 Was Withheld from the
### Prosecution of the '551 Patent Application

82.     On information and belief, individuals associated with the filing and prosecution of the '551 patent, including but not limited to the inventors and individuals affiliated with Shinsegi Telecomm, withheld references material to patentability, such as TIA/EIA Interim Standard IS-95 ("IS-95 Interim").

83.     IS-95 Interim was cited in the Korean Intellectual Property Office ("KIPO") for the Korean counterpart of the '551 patent, Korean Application No. 10-1997-0034117 ("Korean

Application").

84.    The '551 patent claims priority to the Korean Application.

85.    Kyu-Nam is named as an inventor of the '551 patent and the Korean Application. Dong-Woo is named as an inventor of the '551 patent.  Shinsegi Telecomm is a former assignee of the '551 patent and was the applicant for the Korean Application.

**<u>Claims of the Korean Application Were Rejected in View of IS-95</u>**

86.    IS-95 Interim is a CDMA standard that was published in July of 1993, over a year prior to the '551 patent's earliest priority date, and thus qualifies as prior art under 35 U.S.C. §§ 102(a) & (b).

87.    During the prosecution of the Korean Application, the KIPO examiner identified prior art reference IS-95 Interim. The KIPO examiner rejected claims 8 and 9 of the Korean Application as unpatentable as the claimed method was disclosed in IS-95 Interim and could have "easily [been] carried out by a person skilled in the art."

88.    The Korean Application included a set of nine claims that are substantially the same as claims 1-12 of the '551 patent as initially filed with the United States Patent and Trademark Office ("USPTO").

89.    Claims 8 and 9 of the Korean Application and claims 8-12 of the '551 patent all include limitations requiring measuring signal strength and determining whether the signal strength is greater than a threshold value for a certain period of time.

90.    On information and belief, on December 28, 1999, Shinsegi Telecomm, the applicant for the Korean Application, submitted a response to the KIPO cancelling claims 8 and 9 that were rejected as disclosed by IS-95 Interim.  No arguments were made by the applicant to overcome the rejections.

**Individuals Associated With the Filing and Prosecution of the '551 Patent
Had Knowledge of IS-95 Before the Filing of the U.S. Application**

91.     On information and belief, the Notice of Opinion Submission by the KIPO examiner ("Notice of Opinion Submission") citing IS-95 Interim as a reference, was mailed to Shinsegi Telecomm on October 28, 1999, before the issuance of the '551 patent.

92.     On information and belief, Kyu-Nam, Dong-Woo, and individuals affiliated with Shinsegi Telecomm were independently aware of IS-95 Interim by at least June 7, 1997, before the filing of the United States Patent application that resulted in the '551 patent.

93.     On information and belief, Kyu-Nam and Dong-Woo co-authored a paper entitled *Improving Idle Handoff in CDMA Mobile Systems*, which stated that "[i]n this letter, we evaluate the idle handoff method used in present CDMA mobile phones in terms of its performance in utilizing network resources, and propose a new method which improves the conventional one via reducing unnecessary idle handoffs and avoiding deterioration of the signals received from the selected base. **Our study relies on the cellular system based on IS-95**. . . ."  (emphasis added). On information and belief, Kyu-Nam, Dong-Woo, and individuals at Shinsegi Telecomm submitted this paper to the IEEE by at least June 7, 1997, and it was published in November 1998.

**IS-95 Was Not Disclosed to or Considered by the USPTO
During the Prosecution of the '551 Patent**

94.     On information and belief, neither Kyu-Nam, Dong-Woo, nor individuals affiliated with Shinsegi Telecomm, nor any other individuals associated with the filing and prosecution of the '551 patent application disclosed IS-95 Interim itself or the rejection of claims 8 and 9 of the Korean Application in view of IS-95 Interim to the USPTO.

95.     On information and belief, Kyu-Nam and Dong-Woo were aware of IS-95 Interim by at least June 7, 1997, the date of submission of Kyu-Nam and Dong-Woo's paper.

96.     On information and belief, individuals affiliated with Shinsegi Telecomm were aware of IS-95 Interim by at least June 7, 1997, the date of submission of Kyu-Nam and Dong-Woo's paper.

97.     Further, on information and belief, IS-95 Interim was identified as a reference in the Korean Application on October 28, 1999, which was before the first Office Action issued on June 9, 2000 in the prosecution of the '551 patent application.

98.     IS-95 Interim was not considered by the USPTO during the prosecution of the '551 patent.

99.     Neither IS-95 Interim nor the Notice of Opinion Submission rejecting claims 8 and 9 of the Korean Application were submitted in an Information Disclosure Statement (IDS) to the USPTO during the prosecution of the '551 patent, nor was IS-95 Interim listed in the references cited by the examiner.

100.     On information and belief, a reasonable examiner would have considered IS-95 Interim or the Notice of Opinion Submission to be highly material to the patentability of claims of the '551 patent as demonstrated by the rejection of claims 8 and 9 of the Korean Application based on IS-95 Interim, which are claims that are substantially similar to claims 8-12 filed in the '551 patent application, and because the '551 patent application claimed priority to the Korean Application.

101.     On information and belief, the applicant and individuals associated with the filing and prosecution of the '551 patent, Kyu-Nam, Dong-Woo, and individuals affiliated with Shinsegi Telecomm, in particular, did not exercise their duty of candor and good faith in dealing with the USPTO by knowingly withholding the IS-95 Interim prior art reference and the Notice of Opinion Submission, and otherwise failing to disclose them to the USPTO with an intent to

deceive the USPTO to obtain issuance of all claims of the '551 patent.  On information and belief, the knowing failure to disclose the IS-95 Interim standard and the Notice of Opinion Submission, with an intent to deceive the USPTO, represents one instance of inequitable conduct rendering the '551 patent unenforceable.

102.    On information and belief, but for the withholding of IS-95 Interim and the Notice of Opinion Submission rejecting claims 8 and 9 of the Korean Application by Kyu-Nam, Dong-Woo, and individuals affiliated with Shinsegi Telecomm, claims 1-15 of the '551 patent would not have issued as presently recited.


**EIGHTH DEFENSE**

(Inequitable Conduct During Reexamination of the '551 Patent)

103.    On information and belief, the '551 patent is unenforceable due to inequitable conduct committed by CNS's litigation counsel and attorney James W. Edmondson of Martin & Ferraro, LLP in prosecuting the *Ex Parte* Reexamination of the '551 patent.

104.    Upon information and belief, James Edmondson was the prosecuting attorney of the *Ex Parte* Reexamination of the '551 patent. James Edmondson is, upon information and belief, an attorney for Martin & Ferraro, LLP, located at 1557 Lake O'Pines Street, NE, Hartville, Ohio 44632.

105.    On June 15, 2012, a third-party requested *Ex Parte* Reexamination of the '551 patent due to a substantial new questions of patentability.

106.    On information and belief, individuals associated with prosecuting the *Ex Parte* Reexamination of the '551 patent, in particular, CNS's litigation counsel and James Edmondson on behalf of the patent owner of the '551 patent, SK Telecom Co., Ltd. ("SK Telecom"),

committed inequitable conduct by breaching their duty to disclose information material to patentability of the '551 patent.

## Prior Art References Were Withheld from the *Ex Parte* Reexamination

107.    On information and belief, individuals associated with the filing and prosecution of the '551 patent *Ex Parte* Reexamination withheld references material to patentability including the prior art references identified by, and claim charts included in both the Invalidity Contentions served in Civil Action No. 6:11-cv-706 on March 29, 2013, and in the Invalidity Contentions served in Civil Action Nos. 6:13-cv-00403 and 6:13-cv-00404 on August 2, 2013. The March 29, 2013 Invalidity Contentions included claim charts for 28 prior art references. The August 2, 2013 Invalidity Contentions included the exact same claim charts, plus charts for three additional references.

108.    On or after March 29, 2013, CNS's litigation counsel was aware and in possession of the Invalidity Contentions in Civil Action No. 6:11-cv-706 that included claim charts for 28 prior art references.

109.    On or after August 2, 2013, CNS's litigation counsel was aware and in possession of the Invalidity Contentions served on August 2, 2013 that included claim charts for 31 prior art references. Neither set of Invalidity Contentions was designated confidential or considered confidential under the Protective Order entered by the Court.

110.    Both sets of Invalidity Contentions included claim charts for, *inter alia*, TIA/EIA/IS-95-A, a version of which was cited in the Korean Intellectual Property Office ("KIPO") for the Korean counterpart of the '551 patent, Korean Application No. 10-1997-0034117 ("Korean Application"), but was never cited in the United States prosecution of the application for the '551 patent.  IS-95 Interim, the version cited in the KIPO is substantially

similar to TIA/EIA/IS-95-A that is included in the invalidity contentions.

### CNS's Litigation Counsel and James Edmondson had a Duty to Disclose Relevant Prior Art to the USPTO

111.    Based on CNS's Complaint, CNS purports to be the assignee of the '551 patent holding all substantial rights in and to the '551 patent.

112.    Upon information and belief, during the reexamination of the '551 patent, SK Telecom submitted a statement purporting to be the assignee of the entire right, title, and interest in the '551 patent.

### Prior Art References Identified in Defendants' Invalidity Contentions Were Not Considered by the USPTO

113.    After granting the reexamination request on September 6, 2012, the USPTO mailed a Non-Final Office Action on February 5, 2013, rejecting all claims of the '551 patent as anticipated or obvious over prior art submitted in the *Ex Parte* Reexamination request.

114.    On March 29, 2013, Defendants served Invalidity Contentions in *Cell and Network Selection LLC v. AT&T Mobility LLC, et al.*, No. 6:11-cv-706 (E.D. Tex.), identifying prior art references that invalidate the '551 patent.

115.    On April 5, 2013, James Edmondson, SK Telecom's prosecuting attorney, submitted a response to the Examiner's Non-Final Office Action and an IDS identifying three prior art references.

116.    The prior art references identified did not include the IS-95 Interim standard, the Invalidity Contentions, or the prior art references identified in the Invalidity Contentions served in Civil Action No. 6:11-cv-706 (with the exception of one prior art reference).

### The USPTO Issued a Reexamination Certificate without Considering Prior Art Identified in Defendants Invalidity Contentions

117.    On July 19, 2013, the USPTO mailed a Notice of Intent to Issue a Reexamination

Certificate confirming all claims of the '551 patent.

118.    On August 2, 2013, in the re-filed case, Defendants in Civil Action Nos. 6:13-cv-00403 and 6:13-cv-00404 served to CNS's litigation counsel new Invalidity Contentions, which identified the same prior art references in the Invalidity Contentions served in Civil Action No. 6:11-cv-706, plus three new prior art references with corresponding claim charts.

119.    On August 12, 2013, the USPTO issued a Certificate of Reexamination confirming all claims of the '551 patent.

120.    Neither CNS's litigation counsel nor James Edmondson submitted prior art references IS-95 Interim and the prior art identified in the Invalidity Contentions served on March 29, 2013 and August 2, 2013 before issuance of the Certificate of Reexamination.

121.    SK Telecom's attorney, James Edmondson, was on notice of CNS's litigation. The ongoing litigation by CNS was identified on the paper reexam file jacket in the *Ex Parte* Reexamination of the '551 patent and in an IDS filed April 5, 2013 by James Edmondson.

122.    The IS-95 Interim standard, the Invalidity Contentions, and the prior art references identified in the Invalidity Contentions are not cumulative to the information that was before the Examiner during prosecution or the reexamination of the '551 patent.

123.    On information and belief, a reasonable examiner would have considered the information in the IS-95 Interim standard, the Invalidity Contentions, and/or the prior art references cited in the Invalidity Contentions, to be highly material to the patentability of claims of the '551 patent as demonstrated, for example, by the rejection of claims 8 and 9 of the Korean Application, which are substantially similar to claims 8-12 of the '551 patent, that were rejected in view of IS-95 Interim.

124.    On information and belief, individuals associated with the prosecution of the

reexamination of the '551 patent, CNS's litigation counsel and/or SK Telecom's attorney James Edmondson, in particular, did not exercise their duty of candor and good faith in dealing with the USPTO by knowingly withholding IS-95 Interim, the Invalidity Contentions, and the prior art references cited in the Invalidity Contentions, and otherwise failing to disclose references to the USPTO with an intent to deceive the USPTO to obtain confirmation of all claims of the '551 patent. On information and belief, the knowing failure to disclose the IS-95 Interim standard, the Invalidity Contentions, and the prior art references cited in the Invalidity Contentions, with an intent to deceive the USPTO, represents one instance of inequitable conduct rendering the '551 patent unenforceable.

125.    On information and belief, but for the withholding of IS-95 Interim, the Invalidity Contentions, and the prior art references cited in the two sets of Invalidity Contentions, claims 1-15 of the '551 patent would not have been confirmed in the *Ex Parte* Reexamination as presently recited.

## NINTH DEFENSE

### (Unclean Hands)

126.    Verizon Wireless re-alleges and incorporates by reference the allegations in the Seventh and Eighth defenses above as though fully set forth herein.

127.    Plaintiff is barred by the doctrine of unclean hands from enforcing the '551 patent against Verizon Wireless.

## TENTH DEFENSE

### (Lack of Standing)

128.    On information and belief, Plaintiff lacks standing to assert infringement of the '551 patent.

## VERIZON WIRELESS'S COUNTERCLAIMS

129.    Defendant Cellco Partnership d/b/a/ Verizon Wireless ("Verizon Wireless") hereby pleads the following Counterclaims and makes the following allegations against Plaintiff and Counterclaim-Defendant Cell and Network Selection LLC ( "Counterclaim-Defendant").

## I.    JURISDICTION AND VENUE

130.    This is an action for declaratory judgment under 28 U.S.C. § 2201 *et seq.*  This Court has subject matter jurisdiction over these Counterclaims under 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

131.    Counterclaim-Defendant is subject to the personal jurisdiction of this Court for at least the reason that, in filing its Amended Complaint, Counterclaim-Defendant has submitted to the personal jurisdiction of this Court.

132.    Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b) for least the reason that, in filing its Amended Complaint, Counterclaim-Defendant has submitted to venue in this district.

## II.    PARTIES

133.    Verizon Wireless is a general partnership organized and existing under the laws of the State of Delaware, with its principal place of business at Basking Ridge, New Jersey.

134.    Based on assertions by Counterclaim-Defendant, Counterclaim-Defendant is a limited liability corporation organized and existing under the laws of Texas, with its principle place of business located at 2400 Dallas Parkway, Ste. 200, Plano, TX 75093.

135.     Based on assertions by Counterclaim-Defendant, Counterclaim-Defendant holds "all substantial rights" to U.S. Patent No. 6,195,551 (the "'551 patent").

### III.    COUNT I

**(Declaratory Judgment of Non-Infringement of the '551 Patent)**

136.    The allegations contained in Paragraphs 129-135 of these Counterclaims are re-alleged and incorporated as if fully set forth herein.

137.    Counterclaim-Defendant has filed suit against Verizon Wireless in the present action, alleging infringement of the '551 patent.

138.    Verizon Wireless does not infringe, has not infringed, and does not and has not induced infringement or contributed to infringement of any valid and enforceable claim of the '551 patent under any theory of infringement, including direct infringement, indirect infringement, literal infringement, or infringement under the doctrine of equivalents.

139.    An actual, immediate, real, and justiciable controversy exists between the parties with respect to the alleged infringement of the '551 patent.

140.    Verizon Wireless is entitled to a declaration by this Court that it has not infringed and is not infringing, either literally, under the doctrine of equivalents, directly or indirectly, or in any other way, any claim of the '551 patent.

141.    Verizon Wireless is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

### IV.    COUNT II

**(Declaratory Judgment of Invalidity)**

142.    The allegations contained in Paragraphs 129-141 of these Counterclaims are re-alleged and incorporated as if fully set forth herein.

143.    Counterclaim-Defendant has filed suit against Verizon Wireless in the present action, alleging infringement of the '551 patent.

144.    The claims of the '551 patent are invalid for failure to comply with one or more provisions under 35 U.S.C. §§ 101 *et seq.*, including, but not limited to, §§ 101, 102, 103, and 112, and/or obviousness-type double patenting.

145.    An actual, immediate, real, and justiciable controversy exists between the parties with respect to the alleged validity of the '551 patent.

146.    Verizon Wireless is entitled to a declaration by this Court that all of the claims of the '551 patent are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112, and/or obviousness-type double patenting.

147.    Verizon Wireless also is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

## V.  COUNT III

### (Declaratory Judgment of Unenforceability of the '551 Patent for Inequitable Conduct Before the Patent Office)

148.    The allegations contained in Paragraphs 129-147 of these Counterclaims are re-alleged and incorporated as if fully set forth herein.

149.    An actual and justifiable controversy exists between Verizon Wireless and CNS as to the unenforceability of the '551 patent, as evidenced by CNS's complaint and Verizon Wireless' defenses to that complaint, set forth above.

**INEQUITABLE CONDUCT DURING PROSECUTION OF THE '551 PATENT**

150.    On information and belief, the '551 patent is unenforceable due to inequitable conduct committed by individuals affiliated with Shinsegi Telecomm, Inc. ("Shinsegi Telecomm") and inventors Kyu-Nam Kim ("Kyu-Nam") and Dong-Woo Kim ("Dong-Woo") in prosecuting the '551 patent Application.

151.    Individuals associated with the filing and prosecution of the '551 patent

Application, in particular, listed inventors Kyu-Nam and Dong-Woo Kim and individuals affiliated with the assignee Shinsegi Telecomm committed inequitable conduct by breaching their duty to disclose information material to patentability of the '551 patent application.

**Prior Art Reference IS-95 Was Withheld from the
Prosecution of the '551 Patent Application**

152.    On information and belief, individuals associated with the filing and prosecution of the '551 patent, including but not limited to the inventors and individuals affiliated with Shinsegi Telecomm, withheld references material to patentability, such as TIA/EIA Interim Standard IS-95 ("IS-95 Interim").

153.    IS-95 Interim was cited in the Korean Intellectual Property Office ("KIPO") for the Korean counterpart of the '551 patent, Korean Application No. 10-1997-0034117 ("Korean Application").

154.    The '551 Patent claims priority to the Korean Application.

155.    Kyu-Nam is named as an inventor of the '551 patent and the Korean Application. Dong-Woo is named as an inventor of the '551 patent. Shinsegi Telecomm is a former assignee of the '551 patent and was the applicant for the Korean Application.

**Claims of the Korean Application Were Rejected in View of IS-95**

156.    IS-95 Interim is a CDMA standard that was published in July of 1993, over a year prior to the '551 patent's earliest priority date, and thus qualifies as prior art under 35 U.S.C. §§ 102(a) & (b).

157.    During the prosecution of the Korean Application, the KIPO examiner identified prior art reference IS-95 Interim. The KIPO examiner rejected claims 8 and 9 of the Korean Application as unpatentable as the claimed method was disclosed in IS-95 Interim and could have "easily [been] carried out by a person skilled in the art."

158.    The Korean Application included a set of nine claims that are substantially the same as claims 1-12 of the '551 patent as initially filed with the United States Patent and Trademark Office ("USPTO").

159.    Claims 8 and 9 of the Korean Application and claims 8-12 of the '551 patent all include limitations requiring measuring signal strength and determining whether the signal strength is greater than a threshold value for a certain period of time.

160.    On information and belief, on December 28, 1999, Shinsegi Telecomm, the applicant for the Korean Application, submitted a response to the KIPO cancelling claims 8 and 9 that were rejected as disclosed by IS-95 Interim.  No arguments were made by the applicant to overcome the rejections.

### Individuals Associated With the Filing and Prosecution of the '551 Patent Had Knowledge of IS-95 Before the Filing of the U.S. Application

161.    On information and belief, the Notice of Opinion Submission by the KIPO examiner ("Notice of Opinion Submission") citing IS-95 Interim as a reference, was mailed to Shinsegi Telecomm on October 28, 1999, before the issuance of the '551 patent.

162.    On information and belief, Kyu-Nam, Dong-Woo, and individuals affiliated with Shinsegi Telecomm were independently aware of IS-95 Interim by at least June 7, 1997, before the filing of the United States Patent application that resulted in the '551 patent.

163.    On information and belief, Kyu-Nam and Dong-Woo co-authored a paper entitled *Improving Idle Handoff in CDMA Mobile Systems*, which stated that "[i]n this letter, we evaluate the idle handoff method used in present CDMA mobile phones in terms of its performance in utilizing network resources, and propose a new method which improves the conventional one via reducing unnecessary idle handoffs and avoiding deterioration of the signals received from the selected base. **Our study relies on the cellular system based on IS-95**. . . ."  (emphasis added).

On information and belief, Kyu-Nam, Dong-Woo, and individuals at Shinsegi Telecomm submitted this paper to the IEEE by at least June 7, 1997, and it was published in November 1998.

**IS-95 Was Not Disclosed to or Considered by the USPTO
During the Prosecution of the '551 Patent**

164.    On information and belief, neither Kyu-Nam, Dong-Woo, nor individuals affiliated with Shinsegi Telecomm, nor any other individuals associated with the filing and prosecution of the '551 patent application disclosed IS-95 Interim itself or the rejection of claims 8 and 9 of the Korean Application in view of IS-95 Interim to the USPTO.

165.    On information and belief, Kyu-Nam and Dong-Woo were aware of IS-95 Interim by at least June 7, 1997, the date of submission of Kyu-Nam and Dong-Woo's paper.

166.    On information and belief, individuals affiliated with Shinsegi Telecomm were aware of IS-95 Interim by at least June 7, 1997, the date of submission of Kyu-Nam and Dong-Woo's paper.

167.    Further, on information and belief, IS-95 Interim was identified as a reference in the Korean Application on October 28, 1999, which was before the first Office Action issued on June 9, 2000 in the prosecution of the '551 patent application.

168.    IS-95 Interim was not considered by the USPTO during the prosecution of the '551 patent.

169.    Neither IS-95 Interim nor the Notice of Opinion Submission rejecting claims 8 and 9 of the Korean Application were submitted in an Information Disclosure Statement (IDS) to the USPTO during the prosecution of the '551 patent, nor was IS-95 Interim listed in the references cited by the examiner.

170.    On information and belief, a reasonable examiner would have considered IS-95 Interim or the Notice of Opinion Submission to be highly material to the patentability of claims of

the '551 patent as demonstrated by the rejection of claims 8 and 9 of the Korean Application based on IS-95 Interim, which are claims that are substantially similar to claims 8-12 filed in the '551 patent application, and because the '551 patent application claimed priority to the Korean Application.

171.     On information and belief, the applicant and individuals associated with the filing and prosecution of the '551 patent, Kyu-Nam, Dong-Woo, and individuals affiliated with Shinsegi Telecomm, in particular, did not exercise their duty of candor and good faith in dealing with the USPTO by knowingly withholding the IS-95 Interim prior art reference and the Notice of Opinion Submission, and otherwise failing to disclose them to the USPTO with an intent to deceive the USPTO to obtain issuance of all claims of the '551 patent.   On information and belief, the knowing failure to disclose the IS-95 Interim standard and the Notice of Opinion Submission, with an intent to deceive the USPTO, represents one instance of inequitable conduct rendering the '551 patent unenforceable.

172.     On information and belief, but for the withholding of IS-95 Interim and the Notice of Opinion Submission rejecting claims 8 and 9 of the Korean Application by Kyu-Nam, Dong-Woo, and individuals affiliated with Shinsegi Telecomm, claims 1-15 of the '551 patent would not have issued as presently recited.

**INEQUITABLE CONDUCT DURING REEXAMINATION OF THE '551 PATENT**

173.     On information and belief, the '551 patent is unenforceable due to inequitable conduct committed by CNS's litigation counsel and attorney James W. Edmondson of Martin & Ferraro, LLP in prosecuting the *Ex Parte* Reexamination of the '551 Patent.

174.     Upon information and belief, James Edmondson was the prosecuting attorney of the *Ex Parte* Reexamination of the '551 patent. James Edmondson is, upon information and

belief, an attorney for Martin & Ferraro, LLP, located at 1557 Lake O'Pines Street, NE, Hartville, Ohio 44632.

175.    On June 15, 2012, a third-party requested *Ex Parte* Reexamination of the '551 patent due to a substantial new questions of patentability.

176.    On information and belief, individuals associated with prosecuting the *Ex Parte* Reexamination of the '551 patent, in particular, CNS's litigation counsel and James Edmondson on behalf of the patent owner of the '551 patent, SK Telecom Co., Ltd. ("SK Telecom"), committed inequitable conduct by breaching their duty to disclose information material to patentability of the '551 patent.

## Prior Art References Were Withheld from the *Ex Parte* Reexamination

177.    On information and belief, individuals associated with the filing and prosecution of the '551 patent *Ex Parte* Reexamination withheld references material to patentability including the prior art references identified by, and claim charts included in both the Invalidity Contentions served in Civil Action No. 6:11-cv-706 on March 29, 2013, and in the Invalidity Contentions served in Civil Action Nos. 6:13-cv-00403 and 6:13-cv-00404 on August 2, 2013. The March 29, 2013 Invalidity Contentions included claim charts for 28 prior art references. The August 2, 2013 Invalidity Contentions included the exact same claim charts, plus charts for three additional references.

178.    On or after March 29, 2013, CNS's litigation counsel was aware and in possession of the Invalidity Contentions in Civil Action No. 6:11-cv-706 that included claim charts for 28 prior art references.

179.    On or after August 2, 2013, CNS's litigation counsel was aware and in possession of the Invalidity Contentions served on August 2, 2013 that included claim charts for 31 prior art

references.  Neither set of Invalidity Contentions was designated confidential or considered confidential under the Protective Order entered by the Court.

180.     Both sets of Invalidity Contentions included claim charts for, *inter alia*, TIA/EIA/IS-95-A, a version of which was cited in the Korean Intellectual Property Office ("KIPO") for the Korean counterpart of the '551 patent, Korean Application No. 10-1997-0034117 ("Korean Application"), but was never cited in the United States prosecution of the application for the '551 patent.  IS-95 Interim, the version cited in the KIPO is substantially similar to TIA/EIA/IS-95-A that is included in the invalidity contentions.

**CNS's Litigation Counsel and James Edmondson had a
Duty to Disclose Relevant Prior Art to the USPTO**

181.     Based on CNS's Complaint, CNS purports to be the assignee of the '551 patent holding all substantial rights in and to the '551 patent.

182.     Upon information and belief, during the reexamination of the '551 patent, SK Telecom submitted a statement purporting to be the assignee of the entire right, title, and interest in the '551 patent.

**Prior Art References Identified in Defendants' Invalidity Contentions
Were Not Considered by the USPTO**

183.     After granting the reexamination request on September 6, 2012, the USPTO mailed a Non-Final Office Action on February 5, 2013, rejecting all claims of the '551 patent as anticipated or obvious over prior art submitted in the *Ex Parte* Reexamination request.

184.     On March 29, 2013, Defendants served Invalidity Contentions in *Cell and Network Selection LLC v. AT&T Mobility LLC, et al.*, No. 6:11-cv-706 (E.D. Tex.), identifying prior art references that invalidate the '551 patent.

185.     On April 5, 2013, James Edmondson, SK Telecom's prosecuting attorney,

submitted a response to the Examiner's Non-Final Office Action and an IDS identifying three prior art references.

186.    The prior art references identified did not include the IS-95 Interim standard, the Invalidity Contentions, or the prior art references identified in the Invalidity Contentions served in Civil Action No. 6:11-cv-706 (with the exception of one prior art reference).

### The USPTO Issued a Reexamination Certificate without Considering Prior Art Identified in Defendants Invalidity Contentions

187.    On July 19, 2013, the USPTO mailed a Notice of Intent to Issue a Reexamination Certificate confirming all claims of the '551 patent.

188.    On August 2, 2013, in the re-filed case, Defendants in Civil Action Nos. 6:13-cv-00403 and 6:13-cv-00404 served to CNS's litigation counsel new Invalidity Contentions, which identified the same prior art references in the Invalidity Contentions served in Civil Action No. 6:11-cv-706, plus three new prior art references with corresponding claim charts.

189.    On August 12, 2013, the USPTO issued a Certificate of Reexamination confirming all claims of the '551 patent.

190.    Neither CNS's litigation counsel nor James Edmondson submitted prior art references IS-95 Interim and the prior art identified in the Invalidity Contentions served on March 29, 2013 and August 2, 2013 before issuance of the Certificate of Reexamination.

191.    SK Telecom's attorney, James Edmondson, was on notice of CNS's litigation. The ongoing litigation by CNS was identified on the paper reexam file jacket in the *Ex Parte* Reexamination of the '551 patent and in an IDS filed April 5, 2013 by James Edmondson.

192.    The IS-95 Interim standard, the Invalidity Contentions, and the prior art references identified in the Invalidity Contentions are not cumulative to the information that was before the Examiner during prosecution or the reexamination of the '551 patent.

193.    On information and belief, a reasonable examiner would have considered the information in the IS-95 Interim standard, the Invalidity Contentions, and/or the prior art references cited in the Invalidity Contentions, to be highly material to the patentability of claims of the '551 patent as demonstrated, for example, by the rejection of claims 8 and 9 of the Korean Application, which are substantially similar to claims 8-12 of the '551 patent, that were rejected in view of IS-95 Interim.

194.    On information and belief, individuals associated with the prosecution of the reexamination of the '551 patent, CNS's litigation counsel and/or SK Telecom's attorney James Edmondson, in particular, did not exercise their duty of candor and good faith in dealing with the USPTO by knowingly withholding IS-95 Interim, the Invalidity Contentions, and the prior art references cited in the Invalidity Contentions, and otherwise failing to disclose references to the USPTO with an intent to deceive the USPTO to obtain confirmation of all claims of the '551 patent. On information and belief, the knowing failure to disclose the IS-95 Interim standard, the Invalidity Contentions, and the prior art references cited in the Invalidity Contentions, with an intent to deceive the USPTO, represents one instance of inequitable conduct rendering the '551 patent unenforceable.

195.    On information and belief, but for the withholding of IS-95 Interim, the Invalidity Contentions, and the prior art references cited in the two sets of Invalidity Contentions, claims 1-15 of the '551 patent would not have been confirmed in the *Ex Parte* Reexamination as presently recited.

196.    Pursuant to the Federal Declaratory Judgment Act, Verizon Wireless requests a declaration of the Court that the '551 patent is unenforceable based on inequitable conduct committed at the USPTO recited in the allegations set forth in the Seventh and Eighth Defenses

above.

## VI.     REQUEST FOR RELIEF

WHEREFORE, Verizon Wireless respectfully prays that this Court enter judgment:

(a)     Adjudging and declaring that Verizon Wireless has not infringed and is not infringing any claim of the '551 patent, either literally or under the doctrine of equivalents, directly or indirectly, or in any other way;

(b)     Adjudging and declaring that the claims of the '551 patent are invalid;

(c)     Adjudging and declaring that the '551 patent is unenforceable;

(d)     Dismissing the Amended Complaint with prejudice, denying each and every prayer for relief therein, and entering judgment for Verizon Wireless;

(e)     Declaring that this case is exceptional under 35 U.S.C. § 285, and awarding Verizon Wireless its costs and reasonable attorneys' fees in defending this action; and

(f)     Granting Verizon Wireless such other and further relief as the Court may deem necessary, just, or proper.

## VII.   JURY DEMAND

Verizon Wireless hereby demands a jury trial on all issues triable of right by a jury.


Dated:  October 18, 2013                    By: */s/ Michael E. Jones*
                                            Michael E. Jones
                                            State Bar No. 10929400
                                            mikejones@potterminton.com
                                            Allen F. Gardner
                                            State Bar No. 24043679
                                            allengardner@potterminton.com
                                            POTTER MINTON
                                            A Professional Corporation
                                            110 N. College, Suite 500
                                            Tyler, TX 75702
                                            Tel: (903) 597-8311
                                            Fax: (903) 593-0846

*Attorneys for Defendant Cellco Partnership*
*d/b/a Verizon Wireless*

OF COUNSEL:

John L. North
Darcy L. Jones
KASOWITZ, BENSON, TORRES
& FRIEDMAN LLP
Two Midtown Plaza, Suite 1500
1349 West Peachtree Street, N.W.
Atlanta, GA 30309

Norman E.B. Minnear
KASOWITZ, BENSON, TORRES
& FRIEDMAN LLP
1633 Broadway
New York, NY 10019

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that all counsel of record who have consented to electronic service are

being served with a copy of this document via the Court's EM/ECF system per Local Rule

CV-5(a)(3) on this 18th day of October, 2013. All other counsel of record will be served by

first class U.S. mail on this same date.

*/s/ Michael E. Jones*
Michael Jones

OF COUNSEL:

John L. North
Darcy L. Jones
KASOWITZ, BENSON, TORRES
& FRIEDMAN LLP
Two Midtown Plaza, Suite 1500
1349 West Peachtree Street, N.W.
Atlanta, GA 30309

Norman E.B. Minnear
KASOWITZ, BENSON, TORRES
& FRIEDMAN LLP
1633 Broadway
New York, NY 10019